IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHAD DAVIS                                                                    PLAINTIFF

v.                              No. 3:12-cv-115-DPM

JAMES KLENK, III, individually and d/b/a
I-55 AUTO PARTS                                                               DEFENDANT

## ORDER

1. The parties settled this case by stipulation, *Document No. 11*, agreeing on what Plaintiff Davis would receive ($2,500.00), opening a one-month window for further talks aimed at reaching agreement on attorney's fees and costs, and agreeing that the fee/cost issue would, if unresolved, be presented to the Court. The parties have been unable to agree on attorney's fees and costs. Davis's lawyers seek $10,555.00 in fees and $511.62 in costs; Defendant Klenk responds that only a very small fee is justified in the circumstances.

2. The Court rejects Klenk's argument that the stipulation mooted the case or deprived this Court of subject matter jurisdiction. The parties, through counsel, made a contract to resolve this still-pending case, and part of that contract is the Court deciding the fee/costs issue if it was not compromised after further negotiations. The Court will honor the parties'

agreement about how to end this seemingly little case. *Compare* Richard S. Arnold, *Mr. Justice Brennan and The Little Case*, 32 LOY. L.A. L. REV. 663 (1999).

**3.** While the biblical reference is appreciated, *Document No. 16, at 11–12*, this Court is no Solomon. Several points are clear nonetheless.

First, Davis is not the prevailing party under the FLSA fee provision. Klenk decided to liquidate a small claim by paying it promptly rather than litigating it expensively. This Court has not adjudged Klenk in violation of the Act; the parties' settlement agreement pretermitted adjudication.

Second, the parties' settlement agreement is governed by Arkansas and federal law. FLSA provides the background. But this is a contract between Arkansawyers made in Arkansas about an employment dispute that arose here, albeit under federal law.

Third, the implied term of the parties' agreement about fees and costs is reasonableness considering all the material circumstances. Where the parties did not provide sufficient detail about any measurable thing, such as a time or an amount, the law always supplies this term because that is what ordinary folks would have agreed. RESTATEMENT (SECOND) OF CONTRACTS § 204. Reasonableness is the general Arkansas rule on fees. *E.g., Warner*

*Holdings, Ltd. v. Abrego*, 285 Ark. 434, 438-39, 688 S.W.2d 724, 727 (1985); *see also, Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229-30, 800 S.W.2d 717, 718-19 (1990) (specific factors to consider).

Fourth, the parties' use of the phrase "if any" in describing the fee/cost issue is a qualification. It is equivalent to the statutory "may" about fees in contract cases in general. ARK. CODE ANN. § 16-22-308; *Chrisco*, 304 Ark. at 229, 800 S.W.2d at 718. The Court concludes that some fees/costs award is appropriate and justified here. The case achieved FLSA's laudable purposes; counsel who made this happen deserve to be paid for their work.

Fifth, all the costs incurred save one are reasonable. The filing fee, the process server, copies, and postage are all fine. The $50 courier fee related to service is unexplained. The Court is unfamiliar with this kind of add-on by process servers. It seems unnecessary. If the fee was either for sending someone with the suit papers in hand to a process server in northeast Arkansas, or sending a central Arkansas process server to one corner of the State, it was unnecessary. The Court therefore awards $461.62 in reasonable costs pursuant to the parties' agreement. By the way, counsel's choice to file suit promptly to bring matters to a head, rather than making a telephone call

as Klenk suggests, was a reasonable tactical decision. How to call plays for the best offense possible is counsel's choice.

Sixth, the $10,555.00 in requested attorney's fees are unreasonable. What follows is, by necessity given the amount of the requested fee, critical, though the Court hopes counsel will take these judgments constructively. This case started, as Klenk notes, with an essentially form complaint, which is the product of counsel's expertise and experience. The time billed for tailoring the form is too much. Another example: while counsel may prefer to do his own electronic filing, it is not right to charge the other side a rate of $275.00 an hour for twelve minutes' work for that task. Most importantly, this is a simple case, one that did not need two lawyers. Ms. Milligan could have handled it efficiently and effectively alone or with *de minimis* oversight. Much of the fee request is driven by Mr. Sanford's $275.00 hourly rate. Involving two lawyers also ran the bill up some with needless coordination. While work on a fee motion and brief can be compensable, counsel's twenty-four page brief is mostly recycled law about fees rather than being case specific. And the case-specific part largely restates the attached e-mails. In sum, the approximately twelve-plus hours spent on that task is just too much.

The Court concludes, all material things considered, that the reasonable attorney's fee is $3,000.00 in this case. *Warner Holdings*, 285 Ark. at 438–39, 688 S.W.2d at 727; *Chrisco*, 304 Ark. at 229–30, 800 S.W.2d at 718–19.

Seventh, considering the question using the lodestar approach provided by federal law yields the same result. *See generally, Little Rock School Dist. v. Pulaski County Special School District No. 1*, 959 F.2d 716 (8th Cir. 1992); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544 (7th Cir. 1999). An appropriate hourly fee for an associate in this specialized area is, based on the Court's knowledge and experience with prevailing rates in this kind of case, $150.00. Cutting out duplicative time, excessive time, and needless time, this is about a twenty-hour case from go to stop. Reducing the hours actually spent by the two lawyers involved to this amount reflects, the Court concludes, the benefits gained by the former employee, the significance of this case, and its impact on the community. Vindicating employees' FLSA rights is very important. But a sense of proportion must animate the time spent on a case and the fee awarded for the work.

\* \* \*

The Court's decision will no doubt leave both sides grumpy. Davis has gotten less for his lawyers than he sought, while Klenk must pay more than he believes is fair. But the award is part of a compromise resolution. And one aspect of a reasonable compromise is often that neither side gets exactly what he wants. Some things must be split. The Court awards Davis a reasonable attorney's fee of $3,000.00 and reasonable costs of $461.62.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 November 2012